

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00624-CR

Clifton **COURTNEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-1865-CR
Honorable William Old, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  August 15, 2018

AFFIRMED

Courtney appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt, and sentencing him to seventeen years' imprisonment. We affirm the trial court's judgment.

### BACKGROUND

Courtney pled guilty to injury to a child by engaging in sexual contact with the child and received ten years' deferred adjudication community supervision on October 30, 2012. During the next five years, Courtney's probation officer reported and the State alleged multiple violations and

the trial court modified the conditions of Courtney's community supervision nine times. Several modifications required Courtney to serve time in jail and in September 2014 he was placed in an Intermediate Sanction Facility for approximately four months. On April 18, 2017, the State filed its fourth motion to adjudicate Courtney's guilt and revoke his community supervision alleging he committed the following five violations:

(1) Condition No. 27, by failing to participate in the Guadalupe County Community Supervision Sex Offender Unit Program at the direction of the court and supervision officer;

(2) Condition No. 29, by admitting on March 14, 2017 to viewing videos on YouTube of sexually stimulating material;

(3) Condition No. 30, by possessing an unmonitored device capable of accessing the Internet on February 27, 2017;

(4) Condition No. 62, by admitting to accessing a computer at his place of employment on or about February 27, 2017; and

(5) Condition No. 65, by failing to comply with all treatment directives, rules, and contract of the Sex Offender Treatment provider and being suspended from the treatment facility on or about March 14, 2017.

Courtney pled "not true" to all the violations. After an evidentiary hearing, the trial court found the first and fifth violations to be "true." The court adjudicated Courtney guilty of the original offense of conviction, revoked his community supervision, and sentenced him to seventeen years' imprisonment.[1]

## ANALYSIS

On appeal, Courtney raises a single issue in which he argues that the revocation improperly re-sanctioned him for the same wrongful conduct he previously admitted in an October 19, 2016 letter and was sanctioned for in the November 4, 2016 Order Amending Community Supervision. Courtney contends there is no evidence of any new wrongful conduct, relying on his testimony

---

[1] The trial court signed a judgment nunc pro tunc on January 22, 2018 correcting a clerical error.

that he did not commit any new violations after the November 4, 2016 modification. The State replies that Courtney's last therapist, Michael Wodkins, testified to new instances of wrongful behavior by Courtney that occurred after the October 19, 2016 admissions and November 4, 2016 modification and which formed the basis for Violations #1 and #5 in the motion to revoke. The State also asserts that, even absent evidence of new instances of misconduct after October 2016, Courtney committed a separate violation for which he was not sanctioned in the November 4, 2016 Order by failing to report the misconduct admitted in the October 19 letter directly to Wodkins, as required by the rules of the treatment program.

The violations that led to the November 4, 2016 Order Amending Community Supervision were that Courtney: (1) "[a]ccessed the Internet (laptop) at his residence with a device capable of accessing the Internet that was not monitored by Remotecom Internet Services (violation of condition #30);" and (2) "[f]ailed to disclose to [sic] his addiction to pornography (recently) to his Sex Offender Treatment Provider and/or his Community Supervision Officer (violation of condition #27)." The violation report stated under Violation No. 1 that, "[p]er the attached statement on October 19, 2016, Clifton Courtney admitted to utilizing the Internet provided to him by the IRS [his employer] to search videos related to 'breastfeeding,' 'manual manipulation,' and 'how to put on a condom.'" A copy of Courtney's handwritten letter dated October 19, 2016 was attached to the violation report. In addition to the above video topics, Courtney admitted clicking on YouTube links to "manual manipulation of breasts to enhance milk flow" and "Asian massage techniques." Courtney signed an acknowledgement admitting that he committed the violations and agreeing to the sanctions imposed by the November 4, 2016 Order, which included "absolutely no access to any computer at his home, place of employment or elsewhere," and signing a release to allow the Guadalupe County Community Supervision and Corrections Department to discuss the conditions of his probation with his employer. The order also added Condition No. 65:

Participate and cooperate in individual and/or group counseling for sex offender treatment under the direction of a Sex Offender treatment provider approved by the Guadalupe County Sex Offender Supervision Unit paying all costs incurred. You are directed to attend your initial appointments as directed, and attend each scheduled appointment thereafter. You are to comply with all treatment directives, rules and contract conditions, including the utilization of polygraph . . . and promptly pay all costs of treatment until successfully terminated from the treatment program by the program provider and/or as directed by the Court.

As set forth *supra*, the State's motion to adjudicate guilt filed on April 18, 2017 alleged that Courtney violated Condition No. 65 by failing to "comply with all treatment directives, rules and contract of the Sex Offender Treatment provider" and being "suspended from the treatment facility on or about March 14, 2017." The motion also alleged that Courtney violated Condition No. 27, one of the original conditions of his probation, by failing to participate in the Guadalupe County Community Supervision Sex Offender Unit Program as directed by the trial court and the Supervision Officer. Based on the evidence presented at the hearing, the trial court found that the two violations were proved by at least a preponderance of the evidence. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). We review the trial court's ruling for an abuse of discretion, viewing the evidence in the light most favorable to the trial court's order and deferring to the trial court as the sole judge of the witnesses' credibility. *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.).

At the hearing, Michael Wodkins, a licensed professional counselor, testified that Courtney was referred to his sex offender treatment program in March 2016 after being asked to leave a previous program. Wodkins explained that truthfulness during sex offender treatment is a critically important part of the process, and that the program rules require the participants to self-disclose any rule violations directly to their treatment provider during either an individual session or a group session.

Wodkins testified that during a December 2016 polygraph Courtney disclosed several violations (of both program rules and probation conditions) involving using the Internet to access websites for sexual reasons. Specifically, Wodkins testified that Courtney disclosed "having access to a computer three times in violation of an order issued by the Court. Accessed pornography sites on his work computer at least twice, once at home and once at work. Viewed videos of nude people on YouTube between 30 and 40 times and admitted having masturbated to those videos, both at home and work." Wodkins stated that one of the treatment rules forbids participants from using the Internet to access material for sexual purposes, and Courtney's disclosure showed a violation of that rule, as well as the rule requiring direct disclosures to the treatment provider. Wodkins testified that he did not learn about the December 2016 disclosures until March 2017.

Wodkins further testified that on March 8, 2017 during a pre-test interview with the polygrapher Courtney "made numerous disclosures that constituted violations of the rules of the program." Wodkins stated that Courtney's making of the disclosures to the polygrapher, rather than to Wodkins, constituted a violation of the program's duty to make disclosures to the treatment provider. Courtney's disclosures to the polygrapher also caused the polygrapher to refer Courtney back to Wodkins to discuss the disclosures, thereby avoiding the polygraph. With respect to the March 8, 2017 interview, Elizabeth Langford, the polygrapher, testified that Courtney "has the obligation to divulge things to his treatment provider before he sees me, and he failed to do that. Instead, he came in on polygraph day, and he made a high volume of some pretty significant admissions. And, because of that, I sent him back to his therapist so that they could process that in a therapeutic environment." Wodkins testified that he first learned about Courtney's March 8th disclosures to the polygrapher when Courtney was referred back to him in lieu of taking the

polygraph; this constituted a violation of the program rules. Wodkins stated that he suspended Courtney from the treatment program on March 14, 2017.

The probation violations that the trial court found "true" were Condition Nos. 27 and 65 which require full participation and compliance with all sex offender treatment program rules. The testimony by Wodkins and Langford is sufficient to prove that Courtney violated the program's rule requiring that disclosures be made directly to the treatment provider in December 2016 and March 8, 2017.[2] Courtney's suspension from the treatment program further establishes his failure to comply with the rules and directives of the program. We conclude the trial court did not abuse its discretion in finding that Courtney violated Condition Nos. 27 and 65 of his probation by failing to comply with the program's rules and directives.

## CONCLUSION

Based on the foregoing reasons, we overrule Courtney's issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[2] Courtney's argument that the wrongful sexual conduct he disclosed to the polygrapher in December 2016 and March 2017 concerned the same wrongful conduct he admitted in his October 19, 2016 letter goes to alleged Violation #2 which was not found "true" and therefore does not form the basis for the revocation.